

# THE ATTORNEY GENERAL

# OF TEXAS

**AUSTIN 11, TEXAS**

**PRICE DANIEL**
ATTORNEY GENERAL

August 13, 1951

Hon. Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Calvert:

Opinion No. V-1235

Re: Final date for payment of
State ad valorem taxes to
Texas City and Texas City
Independent School District
under House Bill 873, Acts
50th Legislature, 1947.

Your request for an opinion of this office reads in part
as follows:

"We are enclosing a letter written to this depart-
ment on April 11 by Holman Lilienstern, City Attorney,
Texas City, Texas in regard to the expiration date of
House Bill 873, Acts Regular Session, 50th Legislature,
which donated the General Revenue State Taxes to the
City of Texas City and Texas City Independent School
District. Sections 2(a) and (b) and 3 read as follows:

" 'Sec. 2. (a) There shall be and there is hereby
donated and granted by the State of Texas to the City
of Texas City and to the Texas City Independent School
District, in equal portions, the net amount of money
collected after the effective date of this Act, and on or
before January 31, 1950, from all State ad valorem
taxes for general revenue purposes, heretofore levied,
or which hereafter may be levied upon all real and per-
sonal property, subject to taxation in Galveston County,
Texas, including the rolling stock of railroads appor-
tioned to said County as provided by law; but excluding
delinquent ad valorem taxes which heretofore have been
donated and set apart to the City of Galveston by Chap-
ter 294, Acts, Regular Session, Forty-eighth Legisla-
ture.

" '(b) All of said taxes are hereby granted and

donated to the City of Texas City and Texas City Independent School District, one-half (1/2) thereof to each, for the purpose of aiding and assisting the said City and said School District in carrying out any and all the powers, duties and functions respectively conferred or enjoined upon each by law. It is expressly provided that the City of Texas City and the Texas City Independent School District be and they are authorized to expend the funds herein granted and donated for, but not limited to, the following of their respective purposes: the construction of public buildings which said City and Independent School District are authorized by law to build and erect, and for the acquisition of sites therefor; for the repair and improvement of existing buildings, utilities and public improvements of said City and School District; for payment of principal or interest on outstanding indebtedness; and for maintenance and operating expenses of said City and School District.

" 'Sec. 3. If for either of the years 1947, 1948 or 1949, the State levies for general revenue purposes an ad valorem tax at a rate less than thirty cents (30¢) on the One Hundred Dollars ($100) valuation of taxable property, or makes no levy for general revenue purposes for any such year, then in addition to the amounts provided for in Section 2 hereof, the ad valorem taxes for the next succeeding year or years after 1949, in which a levy for general fund purposes is made, shall be and are hereby granted and donated to said City and said School District in equal portions for the purposes stated in Section 2 hereof, and in the manner provided in this Act, in such amounts as shall be necessary to aggregate the taxes which would have been obtained from a levy of thirty cents (30¢) for all of the taxable years beginning January 1, 1947, 1948 and 1949; provided, however, that at all events this Act shall expire January 31, 1953.'

"Please advise us on what date the County Tax Assessor-Collector of Galveston County should stop making the payments to the City and School District." (Emphasis added.)

Hon. Robert S. Calvert, Page 3 (V-1235)

We are of the opinion that it was the intent of the Legis-
lature to donate or grant only those taxes actually collected prior
to February 1, 1950, if a thirty-cent tax was levied for each of
the years 1947, 1948, and 1949. Thus the tax donation would have
terminated on January 31, 1950 if a thirty-cent tax for general
purposes had been levied by the State for each of the years 1947,
1948, and 1949. That this was the intent of the Legislature is evi-
denced in Section 2(a) of the Act, which expressly provided that
only those taxes collected "on or before January 31, 1950" were
donated. In an opinion by this office addressed to Hon. Grady Haz-
lewood, dated April 26, 1951,it was held that taxes levied during the
donation period but not collected until a subsequent date were not
included in a donation for a two-year period of "all of the State ad
valorem taxes collected for general revenue purposes." The State
tax was not, however, levied for the year 1948,[1] and under Section
3 of the Act the failure of the State Tax Board to levy the State tax
had the effect of extending the tax donation for an additional year.
We have assumed for the purposes of this opinion that the city and
independent school district received from the State tax levied for
1950 amounts equal to that which they would have received had
there been a State levy of thirty cents in 1948. The grant, therefore,
expired on January 31, 1951.

The Act donated only those taxes actually "collected" dur-
ing the period of the grant; therefore, those taxes which were de-
linquent or due and owing during this period but which were not
actually collected prior to January 31, 1951, were not included with-
in the grant. We may, however, point out that taxes which were de-
linquent and owing prior to June 3, 1947, and collected during the
period of the grant (exclusive of those delinquent taxes granted to
the City of Galveston by Acts 48th Leg., 1943, ch. 294, p. 435) were
included within this donation. Att'y Gen. Op. O-4223 (1941).

It is our opinion that the Tax Assessor and Collector of
Galveston County should not make any payments to the City of Texas
City or the Texas City Independent School District under the grant

---

[1]See Acts 51st Leg., R.S., 1949, ch. 309, p. 572, granting addi-
tional ad valorem taxes to various public agencies in order to provide
relief because of the failure of the State to levy the State ad valorem
tax for general purposes in 1948.

of State taxes by the Acts 50th Leg., R.S. 1947, ch. 332, p. 620, from any taxes collected after January 31, 1951.

## SUMMARY

The grant of State ad valorem taxes to the City of Texas City and the Texas City Independent School District under Acts 50th Leg., 1947, ch. 332, p. 620, terminated or expired on January 31, 1951, and no taxes collected after that date should be paid to the city or independent school district under said grant.

APPROVED:

W. V. Geppert
Taxation Division

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

FL:mwb:mf

Yours very truly,

PRICE DANIEL
Attorney General

By *Frank Lake*
Frank Lake
Assistant